1
2
3
4
5

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kennon Simington, Jr.,<br><br>  Plaintiff,<br><br>vs.<br><br>State of Arizona, and its Subsidiary and affiliated employee William F. Mills Todd Vick, Dale Fogelstrom, Wendy Million, and Brian Knight,<br><br>  Defendants. | No. CV 13-0381-TUC-JGZ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

On May 28, 2011, Plaintiff Kennon Simington, Jr., filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(3), and 5 U.S.C. § 552a (Doc. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). On July 25, 2013, Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(3), and 5 U.S.C. § 552a (Doc. 11). On November 7, 2013, the Court denied Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs without prejudice (Doc. 17). Accordingly, on December 9, 2013, Plaintiff filed an Amended Application to Proceed Without Prepaying Frees [sic] or Costs (Doc. 26). On March 11, 2014, Defendants Wendy Million and Brian Knight filed a Motion for Summary Judgment (Doc. 27).

. . .

. . .

## I. AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is unemployed and receives $565.00 per month in disability payments. Plaintiff does not own a vehicle and his monthly expenses exceed his income. Plaintiff now avers that he is not paying an attorney for services in connection with this case, without explanation. Despite this, the Court finds Plaintiff is unable to pay the fees. Plaintiff's Amended Application to Proceed Without Prepaying Frees [sic] or Costs (Doc. 26) will be granted.

## II. STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is plausible "when

1  the plaintiff pleads factual content that allows the court to draw the reasonable inference that
2  the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint
3  states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing
4  court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a
5  plaintiff's specific factual allegations may be consistent with a constitutional claim, a court
6  must assess whether there are other "more likely explanations" for a defendant's conduct.
7  *Id.* at 1951.

8  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
9  must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th
10  Cir. 2010). A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards
11  than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89,
12  94 (2007) (*per curiam*)).

13  If the Court determines that a pleading could be cured by the allegation of other facts,
14  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
15  action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
16  should not, however, advise the litigant how to cure the defects. This type of advice "would
17  undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225,
18  231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was
19  required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
20  failure to state a claim, with leave to amend because the Complaint may possibly be saved
21  by amendment.

22

23  **III.  COMPLAINT**

24  Plaintiff's Amended Complaint (Doc. 11) supersedes his original Complaint (Doc. 1).
25  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard*
26  *Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). The Court will treat the original
27  complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.

28  Plaintiff's Amended Complaint (Doc. 11) names the State of Arizona, William F.

Mills, Todd Vick, Dale Fogelstrom, Wendy Million and Brian Knight as Defendants. Fed. R. Civ. P. 10(a) ("The title of the complaint must name **all** the parties"). In his statement of facts, Plaintiff states that "[t]he Hon. Wendy Million ('Judge Million[']) was a City Court Judge at the time of the events. William Mills, Dale Fogelstrom, and Todd Vick were assistant prosecutors in the City Prosecutor's Office at the time of the events." Amended Compl. (Doc. 11) at 2 ¶ 5. Plaintiff further indicates that Defendant Brian Knight was a Tucson Police Department Officer. *Id.* at 3 ¶ 6(e).

Plaintiff seeks this Court "to hold the State of Arizona, City of Tucson Judge and Tucson Police Department personally liable for any ensuing damage or injuries" arising from denying Plaintiff's participation in Veterans' Court. *Id.* at 3.

## IV. FAILURE TO STATE A CLAIM

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### *A. State of Arizona*

Plaintiff names the State of Arizona as a Defendant; however, it may not be properly named as such in federal court. Under the Eleventh Amendment to the Constitution of the United States, a state may not be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp.*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Arizona has not manifested the intention to waive its sovereign immunity under the Eleventh Amendment from suit in federal court. Further the State is not a "person" within the meaning of § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the

1  State of Arizona will be dismissed as a Defendant.

2  ### B.     *Wendy Million*

3  Plaintiff also names the Honorable Wendy Million, a Tucson City Court Judge, as a
4  Defendant; however, she may not be properly named as a Defendant in federal court. It is
5  well established law, that judge's are absolutely immune "from liability for damages for acts
6  committed within their judicial jurisdiction[.]" *Ray v. Pierson*, 386 U.S. 547, 554, 87 S.Ct.
7  1213, 1217, 18 L.Ed.2d 288 (1967). "This immunity applies even when the judge is accused
8  of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious
9  or corrupt judge, but for the benefit of the public, whose interest is that the judges should be
10 at liberty to exercise their functions with independence and without fear of consequences.'"
11 *Id.* at 554, 87 S.Ct. at 1218 (citations omitted). A judge's "errors may be corrected on
12 appeal, but [s]he should not have to fear that unsatisfied litigants may hound [her] with
13 litigation charging malice or corruption." *Id.*

14 Here, Plaintiff does not allege any facts that Judge Million acted improperly.
15 Moreover, she is immune from liability under § 1983 for acts performed in her judicial
16 capacity. *Id.* 386 U.S. at 554, 87 S.Ct. at 1217. As such, Judge Million will be dismissed as
17 a Defendant.

18 ### C.     *Prosecutors Mills, Fogelstrom and Vick*

19 Plaintiff names William Mills, Dale Fogelstrom, and Todd Vick as Defendants;
20 however, none of these may be properly named as a Defendant in federal court. Similar to
21 judges, a prosecutor has absolute immunity from liability under § 1983 for acts performed
22 within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct.
23 984, 993, 47 L.Ed.2d 128 (1976). "A prosecutor is duty bound to exercise his best judgment
24 both in deciding which suits to bring and in conducting them in court." *Id.* at 424, 96 S.Ct.
25 at 992. As such, his decision-making cannot be "constrained . . . by the consequences in
26 terms of his own potential liability in a suit for damages." *Id.* at 424-25, 96 S.Ct. at 992.

27 Plaintiff's Complaint of devoid of facts to support a claim against Prosecutors Mills,
28 Fogelstrom and Vick. Furthermore, they are all immune from liability under § 1983 for acts

- 5 -

performed in their prosecutorial duty.  Accordingly, William Mills, Dale Fogelstrom, and Todd Vick will be dismissed as Defendants.

### D.   *Officer Knight*

Plaintiff's single cause of action alleges:

> The City of Tucson Judge wrongfully and intentionally denied Plaintiff's Rights to participate in Veterans' Court and Counsel, delayed Plaintiff of having a fair trial and failed to encourage the litigants to try to reach an agreement resolving their dispute.  The City of Tucson Judge has repeatedly prevented or hindered the Plaintiff from receiving full, fair, impartial hearings or the full, fair, impartial administration of justice or having improper discussions with parties or counsel for one side in a case.

Amended Compl. (Doc. 11) at 3.  This claim fails to mention Defendant Knight at all, and the Amended Complaint does not contain any facts regarding what Defendant Knight allegedly did that would have any relevance to this claim.  As such, Plaintiff has failed to state a claim upon which relief could be granted.

## V.   DISMISSAL WITHOUT LEAVE TO AMEND

Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments.  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir.2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be permitted).  The Court finds that Plaintiff's claim cannot be cured by further amendment and will therefore dismiss the Amended Complaint without leave to amend.

## VI.   CONCLUSION

The Magistrate Judge recommends dismissal of Plaintiff's Amended Complaint (Doc. 11). Furthermore, the Magistrate Judge recommends finding that Plaintiff's claim cannot be cured by further amendment, and therefore, denial without leave to amend is appropriate. As such, the Magistrate Judge also recommends denial of Defendants Million and Knight's Motion for Summary Judgment (Doc. 27) as moot.

**VII.   RECOMMENDATION**

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) GRANTING Plaintiff's Amended Application to Proceed Without Prepaying Frees [sic] or Costs (Doc. 26);

(2) DISMISSING Plaintiff's Amended Complaint (Doc. 11) for failure to state a claim; and

(3) DENYING AS MOOT Defendants Wendy Million and Brian Knight's Motion for Summary Judgment (Doc. 27).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: **CV-13-0381-TUC-JGZ**.

DATED this 4th day of April, 2014.

_____
Bruce G. Macdonald
United States Magistrate Judge