1
2
3
4
5

6            **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9   Kennon Simington,                          No. CV-13-00381-TUC-JGZ (BGM)

10                     Plaintiff,              **ORDER**

11  v.

12  Arizona, et al.,

13                     Defendants.

14         On April 4, 2014, Magistrate Judge Bruce G. Macdonald issued a Report and

15  Recommendation (R&R) (Doc. 29) in which he recommended (1) granting Plaintiff's

16  Amended Application to Proceed without Prepaying Fees or Costs (Doc. 26), (2)

17  dismissing Plaintiff's Amended Complaint (Doc. 11) for failure to state a claim, and (3)

18  denying as moot Defendants Wendy Million and Brian Knight's Motion for Summary

19  Judgment. (Doc. 27.)  The R&R provided that any party could file written objections

20  within fourteen (14) days after being served with a copy of the R&R.  No objections have

21  been filed.  After an independent review of the record, the Court adopts the R&R, as

22  modified by this Order.

23                        **STANDARD OF REVIEW**

24         The Court reviews de novo the objected-to portions of the R&R.  28 U.S.C. §

25  636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to

26  portions of the R&R. *Johnson v. Zema Systems Corp*., 170 F.3d 734, 739 (7th Cir. 1999);

27  *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

28  / / /

**DISCUSSION**

1

2    The Magistrate Judge conducted the initial screening required of an *in forma*

3 *pauperis* complaint and concluded that Plaintiff's Amended Complaint fails to state a

4 claim against City of Tucson Police Officer Brian Knight and all other named

5 Defendants.   (Doc. 29, p. 6.)   The Report recommends dismissal of the Amended

6 Complaint without leave to amend concluding Plaintiff's claims, including his claim

7 against Officer Knight, cannot be cured by further amendment.   (*Id*.)   Because the

8 recommendation is for dismissal of the Amended Complaint, the Magistrate Judge did

9 not consider Defendants' pending Motion for Summary Judgment.

10    The Court agrees that claims against all Defendants, with the exception of Officer

11 Knight, fail to state a claim and amendment of such claims would be futile.  With respect

12 to the dismissal of Plaintiff's claims against Officer Knight, the Court agrees that the

13 "Cause of Action" section of the Amended Complaint includes only a single paragraph

14 which details alleged violations of Plaintiff's right to a fair trial and fails to reference

15 Officer Knight.  (Doc. 11, p. 3.)   However, the "Complaint" section of the Amended

16 Complaint includes allegations of "excessive force, false arrests, and improper searches"

17 by the City of Tucson Police Department.   (*Id*., p. 1.)   Plaintiff also alleges in the

18 Amended Complaint that Officer Knight "committed perjury, used excessive force, and

19 failed to perform his duties."  (*Id*., p. 3.)  Although Plaintiff fails to include these facts in

20 the "Cause of Action" section of his Amended Complaint and fails to allege the specific

21 conduct, injury, and affirmative link between the two, the Court is mindful of Plaintiff's

22 *pro se* status and finds that, unlike Plaintiff's other claims, his claims against Officer

23 Knight may be curable by further amendment.  *See Johnson v. Reagan*, 524 F.2d 1123

24 (9th Cir. 1975) (*pro se* pleadings should be liberally construed in the interests of justice);

25 *see also Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) (finding leave to amend

26 should be granted unless the court determines that the allegation of other facts consistent

27 with the challenged pleading could not possibly cure the deficiency).

28    Accordingly,

1

2

3

      **IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 29) is **ACCEPTED AND ADOPTED** as the findings of fact and conclusions of law of this Court, with the following modifications:

4

5

         a. Plaintiff's Amended Complaint is **DISMISSED WITH LEAVE TO AMEND** as to his claims against Defendant Brian Knight;

6

7

8

         b. Plaintiff shall have up to and until **May 30, 2014** to file a Second Amended Complaint.  Plaintiff's Second Amended Complaint may not raise claims dismissed without leave to amend;[1] and

9

10

11

12

         c. In light of the dismissal of the Amended Complaint, Defendants' Motion for Summary Judgment (Doc. 27) is **DENIED AS MOOT**.  Defendant Knight may re-file a motion for summary judgment if Plaintiff files a Second Amended Complaint.

13

14

15

      **IT IS FURTHER ORDERED** that this case remains referred to the Honorable Bruce G. Macdonald for all pre-trial matters, and pleadings shall be filed under CV 13-381-TUC-JGZ (BGM).

16

      Dated this 30th day of April, 2014.

17

18

19

20

21

_____

Jennifer G. Zipps

United States District Judge

22

23

24

25

26

27

28

---

[1] Upon amending his Complaint, Plaintiff is advised that all causes of action alleged in the Amended Complaint that are not alleged in any Second Amended Complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").  Any Second Amended Complaint filed by Plaintiff must be rewritten in its entirety and may not incorporate any part of the original Complaint by reference.